John H. Reichman (JR 2154)
Meagan A. Zapotocky (MZ 8505)
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARAGANO HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JMB APPAREL DESIGNER GROUP, INC., <br><br> Defendant. | Civ. Action No. <br><br> **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Sharagano Holdings, Inc. ("Sharagano") by and through its attorneys, Wachtel & Masyr, LLP, as and for its Complaint against Defendant JMB Apparel Designer Group, Inc. ("JMB"), respectfully alleges:

### NATURE OF THE ACTION

1.     Defendant is a prior licensee of the "SHARAGANO" trademark (the "Trademark"). Defendant's rights were terminated, and Defendant has continued to use the Trademark in violation of the Lanham Trademark Act (15 U.S.C. § 1125) and New York State law.

2.     Sharagano seeks injunctive relief and damages for acts of trademark infringement, deceptive acts and practices, false designation of origin, common law unfair competition and unjust enrichment.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. Sharagano's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and the common law of the state of New York.

4.      This Court has original jurisdiction over Plaintiff's trademark infringement cause of action arising under the Trademark Act of 1946 (15 U.S.C. § 1114, et seq., pursuant to 28 U.S.C. § 1338(a)

5.      This Court has original jurisdiction over Plaintiff's false designation of origin and unfair competition causes of action arising under the Lanham Act (15 U.S.C. § 1125).

6.      This Court has supplemental jurisdiction over the Plaintiff's causes of action arising under New York State statutory and common law pursuant to 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over the Defendant, JMB, because this Defendant regularly does business in this District.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

9.      Plaintiff Sharagano is a New York Corporation. Sharagano is a designer, importer and wholesaler of contemporary wearing apparel. Since 2003, apparel bearing the SHARAGANO Trademark has been available for sale at retail locations, including various department stores, throughout the United States.

10.     Sharagano holds title and interest in and to the SHARAGANO Trademark as of August 31, 2006, and is the owner of the Trademark, a valid United States Trademark Registration No. 2727098, for the mark used in connection with wearing apparel.

SHARAGANO has been a registered Trademark since June 17, 2003. (A true and correct copy

of a printout of registration with the Trademark and Patent Office is attached hereto as Exhibit

A). The Trademark has been in continuous use in commerce since 2003.

11.     Upon information and belief, Defendant JMB Apparel Designer Group Inc. is a

New York corporation with its principal place of business located at 214 West 39th Street, New

York, New York. JMB is a manufacturer and/or designer and/or distributor of wearing apparel.

Upon information and belief, JMB's apparel is available for sale at retail locations, including

department stores, throughout the United States.

## FACTS COMMON TO ALL CLAIMS

12.     Sa-al Universal, LLC ("Sa-al"), Plaintiff's predecessor in interest, was the

registrant of the SHARAGANO Trademark.

13.     On or about April 1, 2004, Sa-al and JMB entered into a license agreement,

whereby Sa-al granted to JMB a license to use the Trademark in connection with ladies' suits to

certain retail stores (the "License Agreement"). (A true and correct copy of the license

agreement between Sa-al and JMB is annexed hereto as Exhibit B). Pursuant to the terms of the

License Agreement, upon its termination, JMB was to immediately discontinue use of the

Trademark, and was not to resume the use thereof, or adopt any mark confusingly similar to the

Trademark. Id.

14.     In or about April 2004, PJDYH, LLC purchased the Trademark from Sa-al.

15.     By letter dated February 8, 2006, JMB notified PJDYH, LLC that JMB was

terminating the License Agreement, thereby extinguishing all its rights and interests in the

Trademark, effective August 9, 2006. (A true and correct copy of the letter from JMB to

PJDYH, dated Feb. 8, 2006, is attached hereto as Exhibit C).

16.    Sharagano was founded in August 2006 for purposes of acquiring the Trademark and selling all apparel, including without limitation ladies' suits, under the Trademark.  On or about August 31, 2006, Plaintiff acquired from PJDYH, LLC all rights, title and interest the Trademark.

17.    In June 2007, Sharagano discovered that JMB was selling products at Filene's Basement and Lord & Taylor bearing the label "SHARAGANO ATELIER."  (A true and correct copy of a "SHARAGANO ATELIER hangtag is attached hereto as Exhibit D).

18.    In June 2007, Sharagano discovered that Nordstrom believed it was carrying SHARAGANO apparel when, in fact, Nordstrom was carrying JMB's apparel.

19.    Apparel bearing the name SHARAGANO ATELIER is also readily available over the Internet.  As of June 2007, a search on www.google.com for "Sharagano Atelier" results in 346 "hits," and identifies retailers from which consumers may purchase SHARAGANO ATELIER apparel.  (Excerpts of a printout of the google search are attached hereto as Exhibit E). These same Internet advertisements offer SHARAGANO apparel alongside SHARAGANO ATELIER apparel.

20.    Numerous websites on the Internet currently advertise JMB's clothing as SHARAGANO ATELIER.  (Printouts of websites carrying "Sharagano Atelier" apparel is attached hereto as Exhibit F).

21.    Both Plaintiff and Defendant advertise, market, manufacture and offer to sell and distribute their products to certain retailers across the United States, including in the New York area.

22.    By letter dated June 5, 2007, Sharagano demanded that JMB cease and desist from advertising, marketing, manufacturing offering to sell and selling and distributing products

under the SHARAGANO Trademark. (A true and correct copy of the letter from M. Hassan to JMB, dated June 5, 2007 is attached hereto as Exhibit G).

23.    By letter dated June 12, 2007, Defendant JMB denied using the Trademark in connection with its line of clothing bearing "Atelier" garments. JMB insists the "Sharagano" name on the "Altelier" hangtags or garments refers to a factory in Shanghai at which the garments were manufactured. (A true and correct copy of the letter from J. Vogel to M. Hassan, dated June 12, 2007 is attached hereto as Exhibit H).

24.    Upon information and belief, however, the hangtags attached to JMB's garments include the words "SHARAGANO ATELIER," and are currently being offered to consumers at certain in-store and on-line retailers.

25.    The SHARAGANO Trademark is distinctive and has become a symbol of quality throughout the United States.

26.    Plaintiff and its predecessors have spent substantial amounts of money to acquire the Trademark and on advertising and promotion of its wearing apparel available in retail stores and on the Internet, in print ads, and through direct marketing to develop the goodwill in its SHARAGANO Trademark.

27.    JMB's infringement of the Plaintiff's Trademark is wrongful and willful and has caused, and will likely continue to cause, the Plaintiff to suffer substantial and irreparable damage and injury to its reputation and business. JMB's actions were and are deliberate and actionable in derogation of Plaintiff's intellectual property rights as alleged herein.

## COUNT I
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

28.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 23 of this Complaint.

29.     Plaintiff is the owner of the registered trademark, SHARAGANO.

30.     JMB, without the consent of the Plaintiff, willfully infringed on Plaintiff's federally registered SHARAGANO Trademark by using "SHARAGANO ATELIER" on, or in connection with, its wearing apparel. JMB has used and will continue to use in commerce designations confusingly similar to Plaintiff's Trademark, on or in connection with the sale, offering for sale, distribution, or advertising of its goods and services.

31.     JMB's unauthorized use of the Trademark SHARAGANO has caused, and is likely to cause, confusion and mistake regarding whether the goods offered by JMB are licensed, sponsored, or approved by, or are otherwise connected with Sharagano.

32.     Both Sharagano and JMB manufacture and offer wearing apparel to the consuming public throughout the United States, including New York State.

33.     The aforementioned acts of JMB constitute trademark infringement in violation of Section 32(1) of the Lanham Trademark Act, as amended (U.S.C. § 1114(1)).

34.     The intentional nature of JMB's acts complained of herein makes this an exceptional case under 15 U.S.C. § 1117(a).

35.     Sharagano has no adequate remedy at law, is suffering irreparable harm and damage as a result of the aforesaid acts of JMB in an amount thus far not determined, and unless JMB is restrained by the Court, will continue to suffer irreparable injury and damage to the good will associated with its SHARAGANO trademark.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

36.    Plaintiff repeats and realleges each and every allegation set forth in each of the foregoing paragraphs as if fully set forth herein.

37.    JMB's unauthorized use SHARAGANO ATELIER in connection with the advertising, marketing, and offering of its goods constitute false designations of origin which are likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of JMB with Sharagano, and as to the origin, sponsorship or approval of the goods offered by JMB.

38.    JMB's unauthorized use of the SHARAGANO Trademark in connection with the advertising, marketing, and offering of its goods falsely suggests that such products are connected with, sponsored by, affiliated with, or related to Sharagano.

39.    JMB's unauthorized use of the Trademark in connection with the advertising, marketing, and offering of its goods, and the other unlawful activities described herein, constitute false designations of origin, in violation of Section 43(a)(1) of the Lanham Act (15 U.S.C. § 1125(a)(1)), which are likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of JMB with Sharagano, and as to the origin, sponsorship, or approval of the goods offered by Sharagano.

40.    JMB's unauthorized acts are likely to divert customers away from Sharagano.

41.    The aforementioned acts of JMB were willfully intended to trade on the reputation and goodwill associated with Sharagano's trademarks.

42.    The intentional nature of JMB's acts complained of above makes this an exceptional case under 15 U.S.C. § 1117(a).

43.    Unless restrained by the Court, JMB's unfair trade practices will continue to cause irreparable injury and damage to Sharagano.

## COUNT III
## DILUTION OF TRADEMARK
## (15 U.S.C. § 1125(c))

44.    Plaintiff repeats and realleges each and every allegation set forth in each of the foregoing paragraphs as if fully set forth herein.

45.    Apparel offered under the SHARAGANO trademark has achieved substantial market success.  Apparel offered under the Sharagano Trademark and has widely promoted, and apparel under the Trademark has been widely distributed in the United States.

46.    The SHARAGANO Trademark has continuously been used in commerce since 2003.  Since that time the Trademark has become well known for high quality throughout the District.

47.    Sharagano and its predecessors have spent substantial amounts to acquire the Trademark and on advertising and promotion of its wearing apparel, available in stores and on the Internet, in print ads, and through direct-marketing to develop good will in its SHARAGANO trademark.

48.    JMB began using the Trademark in connection with the advertising, marketing, and offering of its goods after the Trademark became famous and continued to use the mark after its License Agreement was terminated and in contravention of the terms of the License Agreement.

49.    JMB's unauthorized use of the mark SHARAGANO in connection with the advertising, marketing, and offering of its SHARAGANO ATELIER apparel falsely suggests that such products are connected with, sponsored by, affiliated with, or related to Sharagano.

50.    JMB's unauthorized use the SHARAGANO Trademark in connection with the advertising, marketing, and offering of its goods is likely to injure the business reputation of the Plaintiff and to dilute the distinctive quality of the Plaintiff's Trademark.

51.    JMB's use of the Trademark dilutes the quality of the Trademark by diminishing the capacity of the mark to identify and distinguish goods and services.

52.    JMB's unauthorized use of the Trademark in connection with the advertising, marketing, and offering of its goods, and the other unlawful activities described herein, violate Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)(1)).

53.    The aforementioned acts of JMB were willfully intended to trade on the reputation and goodwill associated with Sharagano's trademarks.

54.    The intentional nature of JMB's acts complained of above makes this an exceptional case under 15 U.S.C. § 1117(a).

55.    Sharagano has no control over the quality of the goods offered by JMB under the name SHARAGANO ATELIER, and unless restrained by the Court, JMB's unfair trade practices will continue to cause irreparable injury and damage to Sharagano.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER NEW YORK LAW
### (N.Y. Gen. Bus. Law 360-k)

56.    Plaintiff repeats and realleges each and every allegation set forth in each of the foregoing paragraphs as if fully set forth herein.

57.    Plaintiff is the owner of the registered trademark, SHARAGANO.

58.    Defendant, without the consent of the Plaintiff, willfully infringed on Plaintiff's federally registered SHARAGANO Trademark by using the name SHARAGANO ATELIER in, or in connection with, its wearing apparel.  JMB has used and will continue to use in commerce

designations confusingly similar to Plaintiff's Trademark, on or in connection with the sale,

offering for sale, distribution, or advertising of its goods and services.

59.    JMB's unauthorized use of the Trademark SHARAGANO has caused, and is

likely to cause, confusion and mistake regarding whether the goods offered by JMB are licensed,

sponsored, or approved by, or are otherwise connected with Sharagano.

60.    Both Sharagano's and JMB's apparel is available for sale in retail stores

throughout the United States.

61.    The aforementioned acts of JMB constitute trademark infringement in violation of

New York General Business Law § 360-k.

62.    Sharagano has no adequate remedy at law, is suffering irreparable harm and

damage as a result of the aforesaid acts of JMB in an amount thus far not determined, and unless

JMB is restrained by the Court, will continue to suffer irreparable injury and damage to the good

will associated with its SHARAGANO Trademark.

## COUNT V
## DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK LAW
### (N.Y. Gen. Bus. Law § 349)

63.    Plaintiff repeats and realleges each and every allegation set forth in each of the

foregoing paragraphs as if fully set forth herein.

64.    As set forth above, JMB has engaged in deceptive trade practices by its

unauthorized use the SHARAGANO Trademark in connection with the advertising, marketing,

and offering of its goods constitute false designations of origin which are likely to cause

confusion, to cause mistake and to deceive the consuming public as to the affiliation, connection,

or association of JMB with Sharagano, and as to the origin, sponsorship or approval of the goods

offered by JMB.

65.    The aforementioned acts of Defendant constitute deceptive acts or practices in the conduct of business, trade, commerce, and the furnishing of a service in New York State, in violation of New York General Business Law § 349(h).

66.    Sharagano has no adequate remedy at law, is suffering irreparable harm and damage as a result of the aforesaid acts of JMB in an amount thus far not determined, and unless JMB is restrained by the Court, will continue to suffer irreparable injury and damage to the good will associated with its SHARAGANO trademark.

## COUNT VI
## INJURY TO BUSINESS REPTUATION
## AND DILUTION UNDER NEW YORK LAW
### (N.Y. Gen. Bus. Law § 360-l)

67.    Plaintiff repeats and realleges each and every allegation set forth in each of the foregoing paragraphs as if fully set forth herein.

68.    Apparel offered under the SHARAGANO trademark has achieved substantial market success.  Apparel offered under the Sharagano Trademark and has widely promoted, and apparel under the Trademark has been widely distributed in the United States.

69.    Since 2003, Plaintiff and its predecessors have continually and extensively used the Trademark in commerce.  Since that time the Trademark has become well known for high quality throughout the United States.

70.    Sharagano and its predecessors have spent substantial amounts to acquire the Trademark and on advertising and promotion of its clothing lines, in retail stores and on the Internet, in print ads, and through direct-marketing to develop good will in its SHARAGANO trademark.

71.    JMB began using the Trademark in connection with the advertising, marketing, and offering of its goods after the Trademark became famous and continued to use the mark after

its License Agreement was terminated and in contravention of the terms of the License

Agreement.

72.    JMB's unauthorized use of the SHARAGANO Trademark in connection with the

advertising, marketing, and offering of its goods falsely suggests that such products are

connected with, sponsored by, affiliated with, or related to Sharagano.

73.    JMB's unauthorized use the SHARAGANO Trademark in connection with the

advertising, marketing, and offering of its goods is likely to injure the business reputation of the

Plaintiff and to dilute the distinctive quality of the Plaintiff's Trademark.

74.    JMB's use of the Trademark dilutes the quality of the Trademark by diminishing

the capacity of the mark to identify and distinguish goods and services.

75.    JMB's unauthorized use of the Trademark in connection with the advertising,

marketing, and offering of its goods, and the other unlawful activities described herein, violate

New York General Business Law § 360-l.

76.    The aforementioned acts of JMB were willfully intended to trade on the

reputation and goodwill associated with Sharagano's Trademark.

77.    Sharagano has no control over the quality of the goods offered by JMB under the

name SHARAGANO ATELIER, and unless restrained by the Court, JMB's unfair trade

practices will continue to cause irreparable injury and damage to Sharagano.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

78.    Plaintiff repeats and realleges each and every allegation set forth in each of the foregoing paragraphs as if fully set forth herein.

79.    JMB has unfairly and unjustifiably profited from the use of Plaintiff's Trademark.

80.    The aforementioned acts of JMB constitute unfair competition in violation of the common law of the State of New York as well as several other states.

81.    The aforementioned acts of JMB have caused, and will continue to cause, great and irreparable injury and harm to Plaintiff, and unless permanently restrained by this Court, said irreparable injury will continue.

## COUNT VIII
## UNJUST ENRICHMENT

82.    Plaintiff repeats and realleges each and every allegation set forth in each of the foregoing paragraphs as if fully set forth herein.

83.    JMB has benefited by its unauthorized use the SHARAGANO Trademark in connection with the advertising, marketing, and offering of its goods in commerce.

84.    The use of the Trademark by JMB constitutes an unjust enrichment of JMB at Plaintiff's expense.

85.    As a result of the unjust enrichment of Defendant, Plaintiff has been damaged in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

86.    Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

87.    Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against Defendant as follows:

88.     Issue an injunction enjoining and restraining Defendant, its agents, servants, employees, representatives, and those persons in active concert or participation with them or any of them, from: (a) using on or in connection with any products or production, publication, display distribution, or in any other dissemination, the SHARAGANO Trademark, or any combination or colorable imitations thereof, including without limitation SHARAGANO ATELIER, or any confusingly similar thereto; (b) representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion or mistake, or to deceive anyone into believing that Defendants' goods and any related services or materials are related to Plaintiff's goods or related services or materials, or that there is any affiliation or connection between Plaintiff and Defendant; and (c) using any designation so as to cause the dilution of the distinctive quality of Plaintiff's Trademark.

89.     Award damages to Plaintiff in the amount of any gain, profit, and advantages derived by Defendant as a result of Defendant's infringement of Plaintiff's trademark and copyrighted material.

90.     Award treble damages to Plaintiff, pursuant to U.S.C. § 1117, by reason of Defendant's willful and deliberate acts of federal trademark infringement and unfair competition.

91.     Award treble damages to Plaintiff, pursuant to New York General Business Law § 349 (h), by reason of Defendant's acts of deceptive trade practices.

92.     Award reasonable attorney's fees to Plaintiff, pursuant to 15 U.S.C. § 1117 and New York General Business Law § 349.

93.     Award Plaintiff its costs and disbursements herein.

94.    Award any such other and further relief as this Court may deem equitable and proper.


Dated: New York, New York
        July 5, 2007

                                    WACHTEL & MASYR, LLP


                                    By: _____
                                        John H. Reichman (JR-2154)
                                        Meagan Zapotocky (MZ-8505)
                                        110 East 59th Street
                                        New York, New York 10022
                                        (212) 909-9500
                                        Attorneys for Plaintiff

## VERIFICATION

I, David Lomita, hereby verify that all facts states herein are based upon my personal

knowledge, or are otherwise true or correct tot eh best of my knowledge, information and belief.

_____
David Lomita
Managing Member
Sharagano Holdings, Inc.