IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARAGANO HOLDINGS, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>JMB APPAREL DESIGNER GROUP, INC.,<br><br>                  Defendant. | Civ. Action No. |

**AFFIDAVIT OF DAVID LOMITA IN SUPPORT OF**
**PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

I, David Lomita, being duly sworn, do hereby depose and state under oath as follows:

    1.    I am the managing member of Sharagano Holdings, Inc. ("Sharagano") and submit this affidavit in support of Sharagano's application for a preliminary injunction.

    2.    Defendant JMB Apparel Designer Group, Inc. ("JMB") is a prior licensee of the "SHARAGANO" trademark (the "Trademark"). Defendant's rights were terminated, and Defendant has continued to use the Trademark in violation of the Lanham Trademark Act (15 U.S.C. § 1125) and New York State law.

    3.    Plaintiff Sharagano is a New York Corporation. Sharagano is a designer, importer and wholesaler of contemporary wearing apparel. Since 2003, apparel bearing the SHARAGANO Trademark has been available for sale at retail locations, including various department stores, throughout the United States.

    4.    Sharagano holds title and interest in and to the SHARAGANO Trademark as of August 31, 2006, and is the owner of the Trademark, a valid United States Trademark Registration No. 2727098, for the mark used in connection with wearing apparel.

SHARAGANO has been a registered Trademark since June 17, 2003.[1] The Trademark has been in continuous use in commerce since 2003.

5.   Upon information and belief, Defendant JMB Apparel Designer Group Inc. is a New York corporation with its principal place of business located at 214 West 39th Street, New York, New York. JMB is a manufacturer and/or designer and/or distributor of wearing apparel. Upon information and belief, JMB's apparel is available for sale at retail locations, including department stores, throughout the United States.

6.   Sa-al Universal, LLC ("Sa-al"), Plaintiff's predecessor in interest, was the registrant of the SHARAGANO Trademark.

7.   On or about April 1, 2004, Sa-al and JMB entered into a license agreement, whereby Sa-al granted to JMB a license to use the Trademark in connection with ladies' suits to certain retail stores (the "License Agreement").[2] Pursuant to the terms of the License Agreement, upon its termination, JMB was to immediately discontinue use of the Trademark, and was not to resume the use thereof, or adopt any mark confusingly similar to the Trademark.

8.   In or about April 2004, PJDYH, LLC purchased the Trademark from Sa-al.

9.   By letter dated February 8, 2006, JMB notified PJDYH, LLC, that JMB was terminating the License Agreement, thereby extinguishing all its rights and interests in the Trademark, effective August 9, 2006.[3]

---

[1]   A true and correct copy of a printout of this registration is attached as Exhibit A to the Complaint.

[2]   A true and correct copy of the license agreement between Sa-al and JMB is attached as Exhibit B to the Complaint.

[3]   A true and correct copy of the letter from JMB to PJDYH, dated Feb. 8, 2006, is attached as Exhibit C to the Complaint.

10. Sharagano was founded in August 2006 for purposes of acquiring the Trademark and selling all apparel, including without limitation ladies' suits, under the Trademark. On or about August 31, 2006, Plaintiff acquired from PJDYH, LLC all rights, title and interest the Trademark.

11. In June 2007, Sharagano discovered that JMB was selling products at Filene's Basement and Lord & Taylor bearing the label "SHARAGANO ATELIER."[4]

12. In June 2007, Sharagano discovered that Nordstrom believed it was carrying SHARAGANO apparel when, in fact, Nordstrom was carrying JMB's apparel.

13. Apparel bearing the name SHARAGANO ATELIER is also readily available over the Internet. As of June 2007, a search on www.google.com for "Sharagano Atelier" results in 346 "hits," and identifies retailers from which consumers may purchase SHARAGANO ATELIER apparel.[5] These same Internet advertisements offer SHARAGANO apparel alongside SHARAGANO ATELIER apparel.

14. Numerous websites on the Internet currently advertise JMB's clothing as SHARAGANO ATELIER.[6]

15. Both Plaintiff and Defendant advertise, market, manufacture and offer to sell and distribute their products to certain retailers across the United States, including in the New York area.

---

[4] The Sharagano Atelier hangtag is attached as Exhibit D to the Complaint.

[5] Excerpts of a printout of the google search are attached as Exhibit E to the Complaint.

[6] Printouts of websites carrying "Sharagano Atelier" apparel is attached as Exhibit F to the Complaint.

3

16. By letter dated June 5, 2007, Sharagano demanded that JMB cease and desist from advertising, marketing, manufacturing offering to sell and selling and distributing products under the SHARAGANO Trademark.[7]

17. By letter dated June 12, 2007, Defendant JMB denied using the Trademark in connection with its line of clothing bearing "Atelier" garments. JMB insists the "Sharagano" name on the "Altelier" hangtags or garments refers to a factory in Shanghai at which the garments were manufactured.[8]

18. The hangtags attached to JMB's garments include the words "SHARAGANO ATELIER," and are currently being offered to consumers at certain in-store and online retailers.

19. The SHARAGANO Trademark is distinctive and has become a symbol of quality throughout the Untied States.

20. Plaintiff and its predecessors have spent substantial amounts of money to acquire the Trademark and on advertising and promotion of its wearing apparel, available in retail stores and on the Internet, in print ads, and through direct marketing to develop the goodwill in its SHARAGANO Trademark.

21. JMB's infringement of the Plaintiff's Trademark is wrongful and willful and has caused, and will likely continue to cause, the Plaintiff to suffer substantial and irreparable damage and injury to its reputation and business. JMB's actions were and are deliberate and actionable in derogation of Plaintiff's intellectual property rights as alleged herein.

---

[7] A true and correct copy of the letter from M. Hassan to JMB, dated June 5, 2007 is attached as Exhibit G to the Complaint.

[8] A true and correct copy of the letter from J. Vogel to M. Hassan, dated June 12, 2007 is attached as Exhibit H to the Complaint.

22. JMB's unauthorized use of the SHARAGANO Trademark in connection with the advertising, marketing, and offering of its goods falsely suggests that such products are connected with, sponsored by, affiliated with, or related to Sharagano.

23. JMB's unauthorized acts are likely to divert customers away from Sharagano.

24. The aforementioned acts of JMB were willfully intended to trade on the reputation and goodwill associated with Sharagano's trademarks.

25. Apparel offered under the SHARAGANO trademark has achieved substantial market success. Sharagano and its predecessors have extensively promoted the Trademark and has widely distributed apparel under the Trademark in the United States.

26. The SHARAGANO Trademark has continuously been used in commerce since 2003. Since that time the Trademark has become well known for high quality throughout the United States.

27. JMB began using the Trademark in connection with the advertising, marketing, and offering of its goods after the Trademark became famous and continued to use the mark after its License Agreement was terminated and in contravention of the terms of the License Agreement.

28. JMB's use of the Trademark dilutes the quality of the Trademark by diminishing the capacity of the mark to identify and distinguish goods and services.

29. As demonstrated by the foregoing, Sharagano will be irreparably harmed and therefore is entitled to a preliminary injunction enjoining and restraining Defendant, its agents, servants, employees, representatives, and those persons in active concert or participation with them or any of them, from: (a) using on or in connection with any products or production, publication, display distribution, or in any other dissemination, the SHARAGANO Trademark,

or any combination or colorable imitations thereof, including without limitation SHARAGANO ATELIER, or any confusingly similar thereto; (b) representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion or mistake, or to deceive anyone into believing that Defendants' goods and any related services or materials are related to Plaintiff's goods or related services or materials, or that there is any affiliation or connection between Plaintiff and Defendant; and (c) using any designation so as to cause the dilution of the distinctive quality of Plaintiff's Trademark.

**WHEREFORE,** I respectfully request that this Court issue a preliminary injunction described above, as well as such other further relief as may be just and proper.

Dated: New York, New York
       July 5, 2007

SHARAGANO HOLDINGS, INC.

_____

Sworn to me this 05
day of July, 2007

_____
Notary Public

MAMADOU CAMARA
No. 01CA6116050
Notary Public, State of New York
Qualified in New York County
My Commission Expires 09/20/2008

6