Joseph A. Vogel (JV-5533)
KRAVET & VOGEL, LLP
1040 Avenue of the Americas, Suite 1101
New York, New York 10018
Tel. 212-997-7634
Fax: 212-997-7686
E-mail: jvogel@kvnyc.com

*Attorneys for Defendant*
*JMB Apparel Designer Group, Inc.*

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x    ECF CASE

SHARAGANO HOLDINGS, INC.,

                Plaintiff,         Civil Case No.:  07 Civ. 6244 (NRB)

     v.                              **ANSWER WITH**
                                        **COUNTERCLAIM**

JMB APPAREL DESIGNER GROUP, INC.,

                Defendant.

-----------------------------------------------------------------x

        Defendant, JMB Apparel Designer Group, Inc. ("JMB" and/or "Defendant"), by its attorneys herein, Kravet & Vogel, LLP, as its answer to the Complaint, dated July 5, 2008 (the "Complaint") filed by plaintiff Sharagano Holdings Inc. ("SHI") in this action, alleges as follows:

        1.      Denies each and every allegation of paragraph 1 of the Complaint, except admits that pursuant to Trademark License Agreement, dated April 1, 2004 (the "License Agreement"), JMB was granted the exclusive license to manufacture, market and sell ladies suits in the United States and Canada using the name Sharagano in connection therewith, and that JMB in fact did so during the period the period April 1, 2004 to approximately prior to February

2006 when JMB voluntarily ceased such sales and voluntarily terminated the License Agreement effective August 9, 2006, due to material breaches by the licensor.

       2.    Denies each and every allegation of paragraph 2 of the Complaint, except admits that according to the Complaint SHI seeks, but is not entitled to, the relief alleged in said paragraph.

       3.    Admits that allegations of paragraph 3 of the Complaint, except denies that SHI's claims are valid.

       4.    Admits that allegations of paragraph 4 of the Complaint, except denies that SHI's claims are valid.

       5.    Admits that allegations of paragraph 5 of the Complaint, except denies that SHI's claims are valid.

       6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, except denies that SHI's claims are valid.

       7.    Admits that allegations of paragraph 7 of the Complaint.

       8.    Admits that allegations of paragraph 8 of the Complaint, except denies that SHI's claims are valid.

       9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, except admits that during the period April 1, 2004 through approximately prior to February 2006, JMB sold ladies suits using the Sharagano name to retailers throughout the United States and Canada under its License Agreement.

       10.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 10 of the Complaint, except denies that the trademark referred to has been in continuous use in commerce since 2003, and respectfully refers the Court to the actual documents and/or public filings referred to and/or the actual exhibit referred to for their actual terms and content, true meaning and legal effect.

  11.  Admits that allegations of paragraph 11 of the Complaint.

  12.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except admits that Sa-al Universal, LLC claimed to be the registrant of the trademark referred to.

  13.  Denies each and every allegation of paragraph 13 of the Complaint, except admits that pursuant to the License Agreement, dated April 1, 2004, Sa-al Universal granted to JMB the exclusive license to manufacture, market and sell ladies suits in the United States and Canada using the name Sharagano in connection therewith, and that JMB in fact did so during the period the period April 1, 2004 to approximately prior to February 2006 when JMB voluntarily ceased such sales and voluntarily terminated the License Agreement effective August 9, 2006, due to material breaches by the licensor, and otherwise respectfully refers the Court to the actual document and/or the actual exhibit referred to for its actual terms and content, true meaning and legal effect.

  14.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, except admits that PJDYH, LLC claimed that it had purchased the trademark referred to from Sa-al Universal, LLC.

  15.  Admits that allegations of paragraph 15 of the Complaint, and respectfully refers the Court to the actual document and/or the actual exhibit referred to for its actual terms and content, true meaning and legal effect.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies each and every allegation set forth in paragraph 17 of the Complaint, and respectfully refers the Court to the actual label and/or hangtag referred to and/or the actual exhibit referred to for its actual terms and content, true meaning and legal effect.

18. Denies each and every allegation set forth in paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning Nordstrom's belief as referred to in the paragraph.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, except admits that during the period April 1, 2004 to approximately prior to February 2006 JMB regularly sold ladies suits using the Sharagano name to retailers in the United States and Canada under its License Agreement, and respectfully refers the Court to the actual websites identified and/or the actual exhibit referred to for their actual terms and content, true meaning and legal effect.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, except admits that during the period April 1, 2004 to approximately prior to February 2006 JMB regularly sold ladies suits using the Sharagano name to retailers in the United States and Canada under its License Agreement, and respectfully refers the Court to the actual websites identified and/or the actual exhibit referred to for their actual terms and content, true meaning and legal effect.

21. Admits the allegations of paragraph 21 of the Complaint to the extent it refers to JMB and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph to the extent that it refers to plaintiff.

22. Denies each and every allegation set forth in paragraph 22 of the Complaint, except admits that a letter dated June 5, 2007 was received by JMB and responded to by its counsel and otherwise respectfully refers the Court to the actual letter identified and/or the actual exhibit referred to for their actual terms and content, true meaning and legal effect.

23. Admits the allegations of paragraph 23 of the Complaint, except denies that the word Sharagano appears on the hangtags and/or garments referred to, and otherwise respectfully refers the Court to the actual letter identified and/or the actual exhibit referred to for their actual terms and content, true meaning and legal effect.

24. Denies each and every allegation set forth in paragraph 24 of the Complaint.

25. Denies each and every allegation set forth in paragraph 25 of the Complaint.

26. Denies each and every allegation set forth in paragraph 26 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that substantial amounts of money were spent to acquire the trademark referred to.

27. Denies each and every allegation set forth in paragraph 27 of the Complaint.

28. As and for its response to paragraph 28 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Denies each and every allegation set forth in paragraph 30 of the

Complaint.

31. Denies each and every allegation set forth in paragraph 31 of the Complaint.

32. Admits the allegations of paragraph 32 of the Complaint to the extent it refers to JMB and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph to the extent that it refers to plaintiff.

33. Denies each and every allegation set forth in paragraph 33 of the Complaint.

34. Denies each and every allegation set forth in paragraph 34 of the Complaint.

35. Denies each and every allegation set forth in paragraph 35 of the Complaint.

36. As and for its response to paragraph 36 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

37. Denies each and every allegation set forth in paragraph 37 of the Complaint.

38. Denies each and every allegation set forth in paragraph 38 of the Complaint.

39. Denies each and every allegation set forth in paragraph 39 of the Complaint.

40. Denies each and every allegation set forth in paragraph 40 of the Complaint.

41. Denies each and every allegation set forth in paragraph 41 of the Complaint.

42. Denies each and every allegation set forth in paragraph 42 of the Complaint.

43. Denies each and every allegation set forth in paragraph 43 of the Complaint.

44. As and for its response to paragraph 44 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

45. Denies each and every allegation set forth in paragraph 45 of the Complaint.

46. Denies each and every allegation set forth in paragraph 46 of the Complaint, except admits that during the period April 1, 2004 through approximately prior to February 2006, JMB sold ladies suits using the Sharagano name to retailers throughout the United States and Canada under its License Agreement.

47. Denies each and every allegation set forth in paragraph 47 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that substantial amounts of money were spent to acquire the trademark referred to.

48. Denies each and every allegation set forth in paragraph 48 of the Complaint, except admits that during the period April 1, 2004 through approximately prior to February 2006, JMB sold ladies suits using the Sharagano name to retailers throughout the United States and Canada under its License Agreement.

49. Denies each and every allegation set forth in paragraph 49 of the

Complaint.

50. Denies each and every allegation set forth in paragraph 50 of the Complaint.

51. Denies each and every allegation set forth in paragraph 51 of the Complaint.

52. Denies each and every allegation set forth in paragraph 52 of the Complaint.

53. Denies each and every allegation set forth in paragraph 53 of the Complaint.

54. Denies each and every allegation set forth in paragraph 54 of the Complaint.

55. Denies each and every allegation set forth in paragraph 55 of the Complaint.

56. As and for its response to paragraph 56 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58. Denies each and every allegation set forth in paragraph 58 of the Complaint.

59. Denies each and every allegation set forth in paragraph 59 of the Complaint.

60. Admits the allegations of paragraph 60 of the Complaint to the extent it

refers to JMB and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph to the extent that it refers to plaintiff.

61.    Denies each and every allegation set forth in paragraph 61 of the Complaint.

62.    Denies each and every allegation set forth in paragraph 62 of the Complaint.

63.    As and for its response to paragraph 63 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

64.    Denies each and every allegation set forth in paragraph 64 of the Complaint.

65.    Denies each and every allegation set forth in paragraph 65 of the Complaint.

66.    Denies each and every allegation set forth in paragraph 66 of the Complaint.

67.    As and for its response to paragraph 67 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

68.    Denies each and every allegation set forth in paragraph 68 of the Complaint, except admits that during the period April 1, 2004 through approximately prior to February 2006, JMB sold ladies suits using the Sharagano name to retailers throughout the United States and Canada under its License Agreement.

69.    Denies each and every allegation set forth in paragraph 69 of the

Complaint, except admits that during the period April 1, 2004 through approximately prior to February 2006, JMB sold ladies suits using the Sharagano name to retailers throughout the United States and Canada under its License Agreement.

70. Denies each and every allegation set forth in paragraph 70 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that substantial amounts of money were spent to acquire the trademark referred to.

71. Denies each and every allegation set forth in paragraph 71 of the Complaint.

72. Denies each and every allegation set forth in paragraph 72 of the Complaint.

73. Denies each and every allegation set forth in paragraph 73 of the Complaint.

74. Denies each and every allegation set forth in paragraph 74 of the Complaint.

75. Denies each and every allegation set forth in paragraph 75 of the Complaint.

76. Denies each and every allegation set forth in paragraph 76 of the Complaint.

77. Denies each and every allegation set forth in paragraph 77 of the Complaint, except admits that SHI does not control the goods that JMB sells.

78. As and for its response to paragraph 78 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

79. Denies each and every allegation set forth in paragraph 79 of the Complaint.

80. Denies each and every allegation set forth in paragraph 80 of the Complaint.

81. Denies each and every allegation set forth in paragraph 81 of the Complaint.

82. As and for its response to paragraph 82 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

83. Denies each and every allegation set forth in paragraph 83 of the Complaint.

84. Denies each and every allegation set forth in paragraph 84 of the Complaint.

85. Denies each and every allegation set forth in paragraph 85 of the Complaint.

86. As and for its response to paragraph 86 of the Complaint, JMB repeats and realleges each and every one of its prior responses to the paragraphs of the Complaint referred to therein as if each were set forth again in full in response to this paragraph.

87. No response is required to paragraph 87 of the Complaint as it alleges no claim or factual allegation against JMB.

88. No response is required to paragraphs 88 to 94 of the Complaint as they constitute plaintiff's ad damnum paragraphs and allege no new claim or factual allegation against JMB; however, to the extent it is ever deemed that a response thereto is required, JMB hereby

11

denies each and every allegation of paragraphs 88 to 94 of the Complaint.

### First Affirmative Defense

89.    The complaint fails to state a claim upon which relief can be granted against defendant.

### Second Affirmative Defense

90.    No confusion, mistake or deception has been caused, nor is there a likelihood of confusion, mistake or deception by the garments sold by JMB.

### Third Affirmative Defense

91.    Defendant is not using, nor did it use when it was not entitled to do so, any name or trademark owned by plaintiff.

### Fourth Affirmative Defense

92.    Defendant did not willfully intend to infringe upon, deceive or confuse any rights of plaintiff, nor has it done so.

### Fifth Affirmative Defense

93.    All sales and advertising by JMB of its garments are done under its own proprietary names, brands, marks, labels, hangtags and logos.

### Sixth Affirmative Defense

94.    Plaintiff has no rights in JMB's garments and no rights in the names, brands, marks, labels, hangtags and logos under which JMB sells its garments.

### Seventh Affirmative Defense

95.    The allegedly infringing trademark is in fact an illegible logo/design created by defendant indicative of the origin and description of the goods manufactured by

JMB's factory in Shanghai, China, and is not a trademark that plaintiff has any rights in.

### Eighth Affirmative Defense

96. The trademark under which plaintiff claims its rights has been abandoned due to non-use by the prior owners and no use to date by plaintiff.

### Ninth Affirmative Defense

97. The trademark under which plaintiff claims its rights is no longer famous nor does it currently have any market or consumer appeal.

### Tenth Affirmative Defense

98. During the period April 1, 2004 to August 9, 2006, JMB had full rights to the trademark in question pursuant to a valid License Agreement with the then owner of the trademark. Pursuant to such License Agreement, JMB properly used the trademark in question with respect to its sale of garments to retail and department stores shipped during the period April 1, 2004 to approximately prior to February 2006. Since prior to February 2006, JMB has not shipped or sold any garments using the trademark in question.

### Eleventh Affirmative Defense

99. JMB has no responsibility for or control over the actions of the retailers to which it ships once such retailers take receipt of the garments shipped.

### Twelfth Affirmative Defense

100. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, laches, acquiescence and/or unclean hands.

### Thirteenth Affirmative Defense

101. Any damages suffered by or to which plaintiff may be entitled were caused by entities or individuals other than JMB over which JMB had no control or

responsibility.

### Fourteenth Affirmative Defense

102. Plaintiff has failed to mitigate its damages, thus its claims are barred in whole or in part against defendant.

### Fifteenth Affirmative Defense

103. Any claims or damages that plaintiff may have or be entitled to against defendant are offset in whole or in part by damages suffered by defendant due to plaintiff's predecessor's material breaches under the License Agreement for which plaintiff is responsible as successor in interest

### Sixteenth Affirmative Defense

104. Defendant's conduct constitutes fair use.

### Counterclaim
### (Attorney's Fees and Costs)

105. Plaintiff's alleged claims against defendant are baseless and without sufficient factual or legal support; accordingly, the pursuit and continued prosecution of this action by plaintiff is without merit, capricious, unreasonable and constitutes bad faith.

106. Defendant has incurred and is continuing to incur substantial legal fees, costs and expenses in defending this action, and will continue to incur such legal fees, costs and expenses through trial.

107. As a result, exceptional circumstances exit in this case to permit the award of reasonable attorney's fees in JMB's favor as prevailing party under 15 U.S.C. §§ 1117 and 1125 and New York General Business Law § 349(h).

108. Accordingly, JMB is entitled to judgment on its counterclaim awarding it the recovery of its reasonable legal fees, costs and expenses incurred in defending this action, in

an amount to be determined by the Court.

**WHEREFORE**, defendant respectfully requests that judgment be entered in its favor dismissing the Complaint in its entirety and awarding defendant judgment on its counterclaim in an amount to be determined by the Court equal to its reasonable attorney's fees costs and expenses in defending against this suit, and for such other and further relief as is deemed appropriate and just.

Dated: New York, New York
July 26, 2007

**KRAVET & VOGEL, LLP**

By: ___s/ Joseph A. Vogel_____
Joseph A. Vogel (JV 5533)

1040 Avenue of the Americas, Suite 1101
New York, New York 10018
(212) 997-7634

*Attorneys for Defendant*
*JMB Apparel Designer Group, Inc.*

TO:

Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500

*Attorneys for Plaintiff*